**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No. 2:21-cr-00239-JAD-BNW |
| Plaintiff | **Order Denying Request to Travel for Work** |
| v. | |
| Nathaniel Royal, | ECF No. 41 |
| Defendant | |

In 2022, Nathaniel Royal pled guilty to distribution of methamphetamine and was sentenced to 72 months in prison followed by five years of supervised release.[1]  Royal began his term of supervision on October 25, 2025, and his conditions include a travel restriction.[2]  Royal has filed a pro se request for permission to seek and obtain work as a long-haul truck driver and to grant him the ability to travel for that work.[3]  The government takes no position on this request.[4]

The district court has broad discretion to modify conditions of supervised release,[5] and the United States Sentencing Commission encourages the court "to conduct such an assessment in consultation with the probation officer after the defendant's release from

---

[1] ECF Nos. 27, 34.

[2] ECF No. 34 at 4 (standard condition 3).

[3] ECF No. 41.

[4] ECF No. 44.

[5] *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000).

1

imprisonment."[6]  "When making [that] individualized assessment . . ., the factors to be considered are the same factors used to determine whether to impose a term of supervised release."[7]

Having consulted with the probation officer, I deny Royal's request.  His term of supervision began less than six months ago, so he has not yet had an opportunity to demonstrate a track record of compliance and to develop a relationship of trust with the probation office.  He has a significant criminal history that includes violent offenses such as armed robbery and attempted robbery with a deadly weapon, as well as a prior drug conviction.  And he had been released from a prior prison term for just about six months when he committed the offense that is the basis of his current supervision term.  Royal also has a not-too-distant history of addiction.

While the court commends Royal for obtaining his CDL license and his desire to pursue self-employment as a long-haul truck driver, his absence from the district will create significant challenges in probation's ability to supervise him.  For example, because this type of work often results in long absences from the state, it would hamper the office's ability to conduct random drug testing to ensure his continued abstinence from controlled substances.  The probation office also learned in January that Royal had been terminated from his job as a driver with a local company.

---

[6] U.S.S.G. § 5D1.4(a).

[7] *Id*. (application note 1(A)); *see also* 18 U.S.C. § 3583(e).

In short, too little is currently known about Royal's aptitude as a supervisee for me to yet conclude that he can self-manage sufficiently to have his conditions relaxed so early into his five-year supervision term.  For these reasons, Royal's request to modify his terms of condition to allow him to travel for work **[ECF No. 41] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2026

3